## BIRMINGHAM & ATLANTIC AIR-LINE RAILROAD & BANKING CO. *v.* WALKER, executrix.

1. The theory of the defense to an action brought by a corporation against the executrix of its deceased treasurer, for money of the plaintiff alleged to have been received by him and not accounted for, being that a certain certificate of deposit issued to him in his official capacity by a bank was not founded upon any bona fide or valuable consideration, but was issued solely for use in effectuating a fraudulent purpose on the part of the corporation, it was erroneous to reject, as irrelevant, evidence offered by the plaintiff tending to show that the certificate was issued on the faith of a check deposited in the bank by the deceased as treasurer, and accepted in the honest belief that it was a valuable paper actually worth the amount specified upon its face.
2. It was, on the trial of such an action, also erroneous to admit in evidence, in favor of the defendant, a letter written by the deceased which, if not totally irrelevant to the issues involved, certainly contained nothing which could benefit the defense, except declarations made by the deceased in his own favor.
3. The court committed further error in giving to the jury instructions based upon contentions made and insisted upon by the defendant, but not supported by any evidence.

Submitted April 16,— Decided May 19, 1897.

Complaint.   Before Judge Hart.   Jasper superior court. September term, 1895.

*A. M. Speer, F. Jordan* and *J. Y. Allen*, for plaintiff.
*Foster & Butler*, for defendant.

LUMPKIN, P. J.   1. In defense to an action brought by the plaintiff, a corporation, against Mrs. Emma Walker as executrix of West, its deceased treasurer, for money alleged to have been received by him and not accounted for, she undertook to set up that a certain certificate of deposit, which had been issued by a bank to West as the treasurer of the plaintiff, was not founded upon any bona fide or valuable consideration, did

not really represent any actual deposit made by West in the bank, and that his sole object in procuring this certificate was to enable the corporation to secure a charter in another State by misleading the proper official thereof into the belief that the corporation in question actually had on hand the sum of money specified in this certificate, which was a condition precedent to its right to obtain a charter. To meet this defense, the defendant offered to prove by an officer of the bank that the certificate was issued on the faith of a check upon New York, deposited in the bank by the deceased as treasurer, and that this check had been in good faith accepted under an honest belief that it was a valuable commercial paper, good for the amount named upon its face. In other words, the plaintiff sought in this manner to overthrow the theory of the defense by showing that the transaction giving rise to the issuance of the certificate of deposit was not fraudulent or collusive, but was made in the due course of business and in entire good faith. The evidence thus tendered certainly bore upon a vital issue in the case, and rejecting it was erroneous.

2. During the progress of the trial, the court admitted in evidence in the defendant's favor a letter which had been written by her testator to one who, so far as the record discloses, was wholly disconnected with the corporation and without any authority to represent it. Apparently, this letter was totally irrelevant; but even were this not true, it contained nothing which could possibly be of any benefit to the defense, other than declarations made by the deceased in his own favor. There is no rule of evidence, of which we are aware, rendering such a letter admissible on such a trial; and we therefore hold that the plaintiff's objection to the same ought to have been sustained.

3. The defense made and insisted upon by the defendant was not supported by any evidence. Nevertheless, the court gave to the jury certain instructions based upon her several contentions. Without inquiring whether these instructions were, or were not, in the abstract, correct propositions of law, it is enough to say that they should not have been given, because, under the evidence submitted, the defendant was not

entitled to the benefit of any charge upon the subjects with which they dealt.

*Judgment reversed.　All the Justices concurring.*