## HALL v. THE STATE.

1. An indictment charging murder by the defendant stabbing the person killed "with a certain knife and with other sharp instruments and with other sharp instruments to the grand jury unknown," is not subject to demurrer on the ground that "this allegation is too general to put the defendant upon proper notice as to what instrument is alleged to have been used by him," or on the ground that such allegations are "too indefinite in that the weapon that is alleged to have been used is not particularly set forth."

2. The statement of the defendant was such as to authorize the court to charge sections 70 and 71 of the Penal Code, and it was error to refuse a timely written request to give instructions which applied the principles of law embodied in these sections to a defense set up in such statement and which is provided for in the sections named.

(a) Merely reading to the jury the sections of the Code above referred to did not sufficiently instruct them as to the law applicable to the issues involved, where by appropriate and timely written request the court was asked to apply the abstract law embodied in such sections to the issues in the case.

3. It was proper in this case for the court to give in charge to the jury sections 70, 71, and 73 of the Penal Code, but it was error to so give them as to confuse the defenses arising under sections 70 and 71 with the defense arising under section 73, and apparently to limit by the terms of section 73 the defenses provided by the other sections.

4. Where a baseball bat was introduced in evidence, if it was error to allow, over defendant's objection, a witness to testify to his opinion of the

12

length and weight of the bat, it was not such error as requires a new trial.

5. The evidence was such as to authorize the jury to find that there was between the defendant and the deceased a mutual intention to fight, and a mutual combat, and there was no error in charging section 73 of the Penal Code.

6. In charging the jury in regard to flight by the defendant after the alleged commission of a crime by him, it was not cause for a new trial to charge: "That is a matter altogether for your consideration; it would have just such weight and credit as you as intelligent jurors would give it. You are the exclusive judges of every single particle of evidence that comes from this stand, and you are exclusively the judges and the exclusive appliers to this law after I have given it to you." *Thomas* v. *State*, 129 *Ga.* 419 (59 S. E. 246).

7. It was error to charge: "If it should appear that the defendant was the aggressor and the deceased turned upon him and wrested the weapon with which the deceased was attacked from him, if it should appear that the defendant declined any further struggle before he struck the mortal blow, in that case if he declined—if the evidence shows anything of that character, then you would be justified—if he backed off—in finding him guilty of voluntary manslaughter." Such charge did not embody a statement of such facts as would make the defendant guilty of voluntary manslaughter.

8. The failure of the court to give in charge the legal definition of the term "felony," appearing in Penal Code, §70, which section was given in charge, was not such error as requires a new trial. *Pickens* v. *State*, 132 *Ga.* 46 (63 S. E. 783).

Submitted June 21,—Decided August 12, 1909.

Indictment for murder. Before Judge Park. Grady superior court. May 11, 1909.

*R. C. Bell* and *W. J. Willie,* for plaintiff in error. *John C. Hart, attorney-general,* and *W. E. Wooten, solicitor-general,* contra.

HOLDEN, J. 1. The plaintiff in error was convicted of murder, and to the order of the court overruling his motion for a new trial he filed exceptions. Error was also assigned on the order of the court overruling the defendant's demurrer to the indictment. The indictment alleged that the defendant committed the offense "by stabbing the said Henry Howell with a certain knife and with other sharp instruments and with other sharp instruments to the grand jury unknown." Defendant's demurrer to the indictment alleged: "Defendant specially demurs to that part of said allegation, 'and with other sharp instruments and with other sharp instruments to the grand jurors unknown,' because that this allegation is too general to put the defendant upon proper notice as to what instrument is alleged to have been used by him.

Said allegation being also too indefinite in that the weapon that is alleged to have been used is not particularly set forth." There was no merit in the demurrer, and the court committed no error in overruling the same. See Penal Code, §929; *Hicks* v. *State,* 105 *Ga.* 627 (31 S. E. 579). In the case of *Johnson* v. *State,* 90 *Ga.* 442 (16 S. E. 92), s. c. 92 *Ga.* 36 (17 S. E. 974), cited by plaintiff in error, the indictment alleged an assault with intent to kill by the use of "arsenic poison and other poisons to the grand jurors unknown," but failed to state "how or in what manner the accused used the poisons in the commission of the alleged offense."

2.   The evidence showed that the deceased died from a wound inflicted with a knife. The defendant in his statement to the jury, among other things, stated in substance the following: He went to a house where the deceased was and told him Mr. Singletary said for the deceased to stay away from there. Mr. Singletary had been talking to him, and told "me to tell you to stay away from here." The deceased cursed the defendant, and said "I will burst your brains out; I will kill you." The deceased got a chair after the defendant and tried to kill him, and told him that he would see him again, that he was going to kill him, and said "that he would see me again, and that he was going to kill me." The defendant went to Mr. Singletary's, and while talking to him, the deceased came up and the defendant hit him with a baseball bat, which the deceased took from him and and hit the defendant on the arm several times. The defendant struck at him with a knife. The deceased wheeled around and struck. The deceased run off a few steps and fell. The defendant further stated: "I forgot, gentlemen, he had a knife; he was fixing to kill me with the knife—he had a knife in his hand—he tried to cut me with the knife—he had a good knife; that is the reason I had to do what I did; he tried to cut me—tried to kill me with that knife—had a good knife too—I had a little old sorry knife —couldn't hurt nothing with it—yes, sir—he had a good knife." The statement of the defendant was susceptible of the meaning that the deceased had a knife, and to carry out his previous threat "was fixing to kill" defendant with it when defendant struck him with the bat and stabbed him with the knife. The statement made by the defendant was such as authorized a charge by the court of the principles of law embodied in sections

70 and 71 of the Penal Code, and it was accordingly error for the court to refuse to give in charge the following, as set forth in a written request timely presented by the defendant's counsel: "If you believe from all the circumstances of the case that the situation was such as to excite the fears of a reasonable man, in the situation of the defendant, that a felony was about to be committed upon him, or that his life was in danger, and that the defendant acted under those fears and not in a spirit of revenge and took the life of the deceased, then you should acquit him, and you should do so notwithstanding you may believe the defendant was in no danger and that if he had not acted the deceased would not have committed any felony upon him. It is not necessary that there should have been any actual danger of a felony about to be committed on the defendant, provided the defendant, acting under the fears of a reasonable man, believed in good faith that he was in such danger." This request was properly framed, and was subject to no objections which would make it improper to give it. In no part of the charge did the court give in charge to the jury the principles embodied in sections 70 and 71 of the Penal Code, as applied to the issues in the case. Merely reading these sections to the jury did not sufficiently instruct them as to the law applicable to the issues involved, where by appropriate and timely written request the court was asked to apply the abstract law embodied in such sections of the issues in the case. *Walker* v. *State,* 100 *Ga.* 320 (28 S. E. 77).

3. One ground of the motion for a new trial is as follows: "The court erred in charging section 73 immediately after charging sections 70 and 71 of the Penal Code and in immediate succession therewith, without any instructions to the jury that the law embodied in section 73 is not applicable to the same state of facts as the other two sections. . . Because, to charge the three sections in this order, without instructing the jury as to their separate application aforesaid, confused the different issues which may arise under these three sections, and tended to make section 73 a limitation upon the defenses provided by sections 70 and 71." This was a case wherein sections 70 and 71 of the Penal Code, and also section 73, should have been given in charge, but it was improper to give sections 70 and 71 and immediately follow them with section 73 and give no explanation to the jury that the de-

fense which may arise under section 73 was a different defense from that which may arise under sections 70 and 71. The giving of section 73 immediately after giving sections 70 and 71 to the jury was liable to impress them with the idea that the defendant would not be justified in killing the deceased unless "the danger was so urgent at the time of the killing that in order to save his own life the killing was absolutely necessary." The defense provided for in sections 70 and 71 should not be limited by the terms of section 73. *Warrick* v. *State,* 125 *Ga.* 133 (53 S. E. 1027); *Powell* v. *State,* 101 *Ga.* 9 (29 S. E. 309, 65 Am. St. R. 277). The error committed was not cured by the other portions of the charge.

4-8. Another assignment of error is that the court refused to rule out the following testimony in regard to a baseball bat exhibited by the solicitor-general to a witness, to wit: "I judge that bat to be about 25 inches long and it weighs about two pounds." It appears that the bat referred to was introduced in evidence before the jury; and if there was any error in permitting the testimony above quoted, as to the length and weight of the bat, it was not error requiring a new trial.

The rulings made in the 5th, 6th, 7th, and 8th headnotes require no elaboration. The charge referred to in the fifth ground of the amendment to the motion for a new trial was not subject to any criticism made of it in this ground.

*Judgment reversed. All the Justices concur.*