### PRESCOTT *v.* FLETCHER.

1. The instruction of the court to the jury which is dealt with in the first division of the opinion, when considered, as it should be and must have been, in connection with the fair and explicit statement by the court of the respective contentions of the parties with reference to the subject-matter of this instruction, and the further instructions given in immediate connection with the one complained of, was not cause for a new trial.

2. When there is no evidence which would authorize the jury to find in favor of a given contention of the losing party in a case, an inaccuracy of statement by the court as to such contention in instructing the jury thereon is not cause for a new trial.

3. Although a written transfer of a mortgage given to secure the payment of a promissory note is attested by a subscribing witness, it is not neces-

sary to prove its execution by such witness, in order to admit the transfer in evidence, when the transferee is not a party to the case and neither the note nor the mortgage is directly involved therein, and the transfer of the mortgage, if material at all, is simply incidentally or collaterally relevant to the real issues in the case, as a mere circumstance which may tend to throw some light upon a question of fact involved in the case.

4. There is no merit in that ground of the motion which complains of the refusal to grant a new trial, upon the ground that the court, when questioning counsel for the plaintiff as to their contention as to a given subject, expressed or intimated an opinion as to a disputed question of fact in the case.

5. The evidence, while conflicting, was sufficient to authorize the verdict, and the court did not err in refusing to grant a new trial.

Argued May 5,—Decided October 13, 1909.

Complaint. Before Judge Whipple. Ben Hill superior court. January 14, 1909.

*McDonald & Quincey* and *Jesse Grantham,* for plaintiff in error.

*Haygood & Cutts,* contra.

FISH, C. J. James Fletcher brought an action against C. L. Prescott to recover the aggregate sum of two debts, which the plaintiff alleged a partnership, composed of himself and the defendant and engaged in the sawmill business, owed, and which, upon a dissolution of the firm and a settlement of its affairs between them, the defendant agreed to pay. According to the plaintiff's contention, one of the debts amounting to $800 was due the Gress Manufacturing Company for the timber used in the business of the firm; for which debt the plaintiff had given his individual note, secured by a mortgage executed by him upon the sawmill outfit, a half interest in which he subsequently sold to the defendant upon the formation of the partnership. The defendant agreed that the firm should use the timber for which the note was given and pay the debt. He had failed to comply with his promise to pay this debt, which he made upon the dissolution of the firm, and the plaintiff's father, William Fletcher, had paid it with plaintiff's money. The defendant's contention was, that the debt due the Gress Manufacturing Company was the plaintiff's individual debt, and that defendant had never agreed to pay the same. In his answer he pleaded, "that said Fletcher [the plaintiff] agreed to deliver to said copartnership six balance carts, but that he only delivered five; that said balance cart, that was not delivered, was reasonably worth $100.00." After a verdict against

the defendant he moved for a new trial, to the overruling of which motion he excepted.

1. The court gave the jury the following instruction: "If after going through the case you do not believe that the defendant agreed in the dissolution agreement . . to pay any sum to the Gress Lumber Company, the $800 as alleged, or any other sum, then it would be your duty to find in favor of the defendant as to that item, notwithstanding the plaintiff may have paid the same afterwards, or may have procured some one else to pay it for him." In the motion for a new trial error is assigned upon this instruction. In view of the fair and explicit statement made by the court of the respective contentions of the parties in reference to this item of $800, and the further instructions given to the jury in immediate connection with the instructions excepted to, we do not think that there is any merit in the contention that this instruction was calculated to impress the jury with the idea that if the defendant had agreed to pay the Gress Manufacturing Company any other sum than the $800 debt there should be a finding against the defendant for $800.

2. The court instructed the jury to the effect that if, upon the dissolution of the partnership between plaintiff and defendant, it was agreed between them that plaintiff would turn over to defendant six carts and he delivered only five, defendant would be entitled to a finding against the plaintiff for the value, according to the evidence, of the one cart not delivered. The defendant excepted to this instruction upon the ground that he did not contend "that the cart was to have been turned over to him upon the dissolution, but . . contended that the cart was to have been delivered to the copartnership at the time he purchased an interest in the business of James Fletcher, and that defendant was entitled to a charge authorizing the jury to find in his favor for one half of the value of said cart." The only evidence in the record in reference to the cart was in substance as follows: Plaintiff testified that when the partnership was formed he sold to defendant, among other specified property to be used by the partnership, a half interest in six carts, and that in the dissolution agreement plaintiff was to take one cart and defendant four carts. Defendant testified: That immediately before the dissolution agreement he found that plaintiff had sold two carts, and that he

"said that he got $100 for them. I then bought him out, and I was to pay the indebtedness that I have mentioned. He counted it all in, and left me owing him $50. I paid him that day." He further testified, "When we divided, . . I got . . three carts," etc. It will be observed, therefore, that there is no evidence showing that plaintiff delivered only five carts at the time the partnership was formed. While it may appear from the testimony that there were only three or four carts owned by the firm at the time of the dissolution, it does not follow that there were not six furnished by the plaintiff to the partnership at the time of its formation, in accordance with his agreement at that time. There are various ways in which one or more of the carts furnished to the firm by the plaintiff might have been disposed of, or lost, by the partnership before the dissolution. Moreover, it would seem from the evidence that all the carts and other property of the partnership, on hand at the time of the dissolution agreement, were taken into consideration by the parties, and a full settlement then had between them as to their partnership affairs; and there is nothing whatever either in the pleadings or the evidence which even suggests that any cart was left out of the settlement by fraud, accident, or mistake. It is, therefore, clear that the defendant below was not prejudiced by this instruction to which he excepted.

3. The plaintiff put in evidence, without objection, a mortgage executed by him to the Gress Manufacturing Company upon specified portions of the sawmill outfit, to secure the note given by him to the mortgagee. Upon this mortgage was a written transfer from the Gress Manufacturing Company to William Fletcher, attested by a witness. The evidence in the case showed that William Fletcher was the father of the plaintiff. Defendant objected to the admission in evidence of this transfer, unless its execution was "proven as required by law." This objection was overruled and the transfer admitted in evidence, and this ruling is complained of as error in one of the grounds of the motion for a new trial. The plaintiff had already testified, without objection, that this transfer was made, and had further testified that the money with which his father, William Fletcher, paid the amount of the note secured by the mortgage to the Gress Manufacturing Company was his (plaintiff's) money, and that the administratrix

upon the estate of his father, knowing this to be true, had transferred the mortgage to plaintiff. The material issues involved in the case were, whether the defendant had agreed with the plaintiff to pay the debt secured by the mortgage, and, if so, whether the plaintiff had, himself, paid it. The action was not based upon the note secured by the mortgage—indeed, it could not have been, for this was the plaintiff's own obligation to which the defendant was not a party,—but it was based upon the defendant's alleged promise to pay the debt evidenced by such note; nor was the plaintiff claiming anything whatever under the mortgage. The transfer, therefore, if material at all, was only incidentally or collaterally so, and under the Civil Code, § 5244 (4), it was not necessary to produce the subscribing witness to .its execution. The transfer, at most, was a mere incident or circumstance tending to illustrate the intention of William Fletcher when he paid the note secured by the mortgage to the Gress Manufacturing Company, that is, whether he intended to extinguish this debt against his son, the plaintiff, as the defendant contended was the case, or whether he intended to pay it to the holder of the note and mortgage and, under a transfer, himself hold it against the plaintiff. On the one hand, the fact of the transfer to William Fletcher was a circumstance tending to contradict the defendant's theory that William Fletcher merely paid this debt for his son as a gift to the latter; while, on the other hand, it was a circumstance tending to contradict the plaintiff's theory that his note, secured by the mortgage, was paid with his own money. So the fact of the transfer of this mortgage by the Gress Manufacturing Company to William Fletcher, if relevant at all, was merely so as a circumstance which might, perhaps, have been used by either party as tending, in some degree, to discredit the contention of the other. It was clearly, we think, merely incidentally or collaterally relevant to the real, substantial issues in the case, and so falls within the exception, above indicated, to the general rule as to the production of the subscribing witness to a writing.

4. While defendant was being examined as a witness, the court propounded the following question to counsel for plaintiff: "You contend that is the same timber that is covered by that mortgage?" Counsel replied in the affirmative. Counsel for defendant thereupon stated: "There is no mortgage here in evidence." The

judge said: "I mean the same subject-matter that this mortgage relates to, the same timber." The last remark of the judge was excepted to by defendant as "an expression of opinion by the court that the mortgage related to the same timber which was in question, and which was a disputed question of fact." Defendant further excepted to the refusal to grant a mistrial because of such remark by the court. The judge very fully and carefully explained to the jury the respective contentions of the parties in reference to the matter to which the remark excepted to applied, and after such remark was excepted to, expressly stated to them that it was not his purpose to express or intimate his opinion as to any question of fact in the case, that the facts were exclusively to be passed on by them; and cautioned them against any remark he may have made as being considered in the slightest degree as an expression or intimation of any opinion of his as to the facts. Considering all that the judge said upon the subject, we think it clearly appears that he was merely inquiring of counsel for the plaintiff as to what their contention in relation to the matter was, and was not expressing or intimating an opinion upon the subject himself; and therefore the remark by him objected to was not cause for a new trial.

5. The evidence, while conflicting, was sufficient to authorize the verdict, and the court did not err in refusing to grant a new trial.     *Judgment affirmed.  All the Justices concur.*