## WALKER v. THE STATE.

LUMPKIN, J.   1. Under the rulings in *Hicks* v. *State*, 105 *Ga.* 627 (31
S. E. 579), and *Hall* v. *State*, 133 *Ga.* 177 (65 S. E. 400), an indictment
which charged that the accused killed and murdered a named woman,
"by then and there choking and beating her and by drowning her and
by other violent means to the grand jurors unknown," was not de-
murrable on the ground that it did not set forth with particularity or
definiteness what kind of choking or beating was used, or whether with
the hands or some instrument, or the manner of doing it, or upon what
part of the person the choking or beating was done.

(*a*) Nor was such indictment demurrable on the ground that it did not
describe the mode of drowning or the place (other than the county).

(*b*) Nor, under the authorities above cited, was it error to overrule the
demurrer to the indictment because of the added clause, "and by other
violent means to the grand jurors unknown." If this clause were ob-
jectionable, the ruling was harmless, because the court stated at the time
that the State would be confined in its testimony to the charge that
death was caused by choking or by drowning, and in the charge they
were so instructed.

(*c*) There is no such conflict between the note to that effect made by the
presiding judge in certifying the bill of exceptions, and the certified ex-
ceptions pendente lite, reciting the overruling of the demurrer, as to
prevent a consideration of the former.

(*d*) The ruling here made does not conflict with that in *Johnson* v. *State*,
90 *Ga.* 441 (16 S. E. 92), where it was held that an indictment charg-
ing that the accused assaulted another with intent to murder, with
"arsenic poison, and other poisons to the grand jurors unknown, but all
being weapons likely to produce death," was subject to demurrer on the
ground that it did not state how or in what manner the accused used
the poison in the commission of the alleged offense.

(*e*) This court is not inclined to extend that ruling.

2. On the trial of one accused of murdering a married woman, there was
evidence tending to show the following, among other facts:  The ac-
cused and the woman had lived in an illicit relation. He and the hus-
band of the woman, from whom she was separated, had had a difficulty,
and the accused had caused the husband to be put in jail for shooting at
him while he was in a buggy with the woman. The accused was in-
formed that the husband had been to the place where she lived and
where the accused visited her, and had said that he was going to carry
her away. The accused moved her, or caused her to be moved, from one
place to another. The husband and wife were going to move to an-
other place. The accused was informed that the landlord at one place
did not wish him to come there any more. Whereupon he said, with an
oath, that he would move her. She was last seen alive in a buggy with
the accused and another man going in the direction of a river. Several
days later she was found drowned in the river. *Held*, that there was
no error in permitting a witness for the State to testify that, shortly
before the disappearance of the woman, the accused offered to pay the
witness $50 if the latter would catch the woman's husband and bring

him to the accused, the latter saying that he wanted to get his hands on the husband.

3. The evidence sustained the verdict.

4. None of the other grounds require special mention. Some of them were explained by notes of the presiding judge, and all of them were without merit.      *Judgment affirmed.   All the Justices concur.*

APRIL 15, 1914.

Indictment for murder.  Before Judge Littlejohn.  Sumter superior court.  January 16, 1914.

*J. A. Hixon, W. W. Dykes,* and *L. J. Blalock,* for plaintiff in error.  *T. S. Felder, attorney-general,* and *J. R. Williams, solicitor-general,* contra.