### 13218.   FLAKE v. BOWMAN.

BROYLES, C. J.   1. The construction of a plain and unambiguous contract is for the court, and not for the jury. *Empire Mills Co.* v. *Burrell Engineering Co.*, 18 *Ga. App.* 253 (1) (89 S. E. 530). The court therefore did not err in refusing the request to charge the jury that " the construction which will uphold a contract in whole and every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part."

2. The remaining request to charge was sufficiently covered by the charge given.

3. Under repeated rulings of the Supreme Court and of this court, a ground of a motion for a new trial must be complete within itself. The 2d ground of the amendment to the motion for a new trial is as follows: " Because, it is alleged, the court erred in failing to charge the jury on the movant's [deferdant's] plea of set-off, the same being material to the issues involved and applicable to the contentions of the parties." It is not shown by this ground, nor even alleged therein, that the defendant's plea of set-off was supported by any evidence. If it were not so supported, the court properly omitted to charge thereon. The ground therefore is fatally defective, and cannot be considered by this court.

4. The excerpt from the charge of the court excepted to was not error for any reason assigned.

5. The admission of evidence as complained of in the 4th ground of the amendment to the motion for a new trial was not error.

6. The remaining ground of the amendment to the motion for a new trial is not referred to in the brief of counsel for the plaintiff in error, and therefore is treated as abandoned.

7. A party to an entire contract who has performed and who is prevented from performing in full by the acts of the other party to the contract can recover for the part that he has performed. See, in this connection, Civil Code (1910), § 4321; *Alabama Gold Life Ins. Co.* v. *Garmany*, 74 *Ga.* 51 (2-d); *McLeod* v. *Hendry*, 126 *Ga.* 167 (2) (54 S. E. 949); *Spalding County* v. *Chamberlin*, 130 *Ga.* 649, 655 (61 S. E. 533); *Byck* v. *Weiler Co.*, 3 *Ga. App.* 387 (1) (59 S. E. 1126). Under this ruling and the facts of the instant case, the plaintiff was entitled to recover for a part performance of the entire contract.

8. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 11, 1922.

Complaint; from Rockdale superior court — Judge Hutcheson. December 3, 1921.

*J. F. McCalla,* for plaintiff in error. *Bond Almand,* contra.