*McDaniel & Neely, W. O. Wilson,* for defendant.

15329.  JOHNSON-BATTLE LUMBER CO. *v.* THE EMANUEL
LUMBER CO.

STEPHENS, J.  1.  Where, after one half of the capital stock of a corporation, which belongs to one person, who owns the entire capital stock, is acquired by new stockholders, and all the new stockholders apply for articles of incorporation and become incorporated for the same objects and purposes under a charter creating a new corporation having in effect the same name, which takes over the entire assets and business of the old corporation as well as its stockholders, who become stockholders of the new corporation, and operates the new corporation in the same place and in the same manner in which the old corporation was operated, and becomes liable for the debts of the old corporation, the new corporation, by reason of such identity of name, objects, assets, and stockholders, is but a continuance of the old corporation, and the new corporation is liable for the debts and obligations of the old corporation. 14 (A) C. J. 1038; 7 R. C. L. 188.

2.  In a suit by such a new corporation, the style of which was The Emanuel Lumber Company, to recover the unpaid purchase-money on a contract of sale entered into between it and the defendant, which contract arose out of an order sent by the defendant to the old corporation, but which was accepted and filled by the new corporation, the defendant could set off damages arising out of an alleged breach by the old corporation, the style of which was Emanuel Lumber Company, in failing to make deliveries under a contract of sale entered into between it and the defendant.

3.  The contract of sale, whereby the sole stockholder of the old corporation transferred part of his interest therein, establishes no rights between the parties to the pending suit, and is therefore only incidentally and collaterally material to the suit.  Permitting proof of the execution of such contract otherwise than by the testimony of the subscribing witnesses thereto was not error.  Civil Code (1910), § 5833 (4); *Prescott* v. *Fletcher,* 133 *Ga.* 404 (3) (65 S. E. 877).

4.  In such a suit, where the evidence authorized an inference that the defendant sustained damage as alleged in the set-off, and further authorized the inference that one corporation was but a continuance of the other, the jury were authorized to find for the defendant, and the verdict directed for the plaintiff was error.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 25, 1925.

Complaint; from Colquitt superior court—Judge W. E. Thomas. December 21, 1923.

*Hill & Gibson,* for plaintiff in error.
*E. K. Wilcox,* contra.