## JOHNSON v. THE STATE.

No. 12248. JUNE 18, 1938.

330.

*Hugh E. Combs* and *B. W. Fortson,* for plaintiff in error.

*M. J. Yeomans, attorney-general, J. Cecil Davis, solicitor-general, Ellis G. Arnall,* and *E. J. Clower,* contra.

BELL, Justice. ■ The court did not err in overruling the demurrer to the indictment. *Hall* v. *State,* 133 *Ga.* 177 (65 S. E. 400); *Green* v. *State,* 172 *Ga.* 635 (2) (158 S. E. 285); *Walker* v. *State,* 141 *Ga.* 525 (81 S. E. 442); *Waller* v. *State,* 164 *Ga.* 128 (138 S. E. 67). The case differs on its facts from *Walker* v. *State,* 124 *Ga.* 440 (52 S. E. 738), in which the indictment did not allege the manner in which "the pieces of iron" were used, or that the nature of the instruments was unknown to the grand jurors. It is also different from *Johnson* v. *State,* 90 *Ga.* 441 (16 S. E. 92), in which there was no allegation as to how "the poisons" were used. In the instant case the indictment alleged that the defendants killed the deceased, James Evans, by *striking him* with a "certain instrument unknown to these grand jurors, and thereby inflicting upon the said James Evans a mortal wound;" and thus was not deficient in failing to show the manner in which the weapon was used.

■ In ground 6 of the motion for new trial the movant assigned error upon the admission of testimony of Ike Williams, to the effect that two or three weeks before the date of the alleged homicide Jesse Johnson, a son of the defendant, came to the home of the witness with a message from George Johnson that he wanted to employ the witness to "bump off" the deceased. The testimony was admitted over the objection that it was hearsay, prejudicial,

and inadmissible, and that no conspiracy had been shown between the defendant and Jesse Johnson. In the opinion of the majority, there was not sufficient evidence of a conspiracy between the defendant and his son Jesse to render the testimony admissible, and this ground of the motion should have been sustained. Code, § 38-306. Similarly, the charge to the jury on the subject of conspiracy was unwarranted by the evidence, as contended in special ground 2. Justice Jenkins and the writer dissent from the rulings in this division of the decision.

■ In grounds 4 and 5 it is complained that the court erred in admitting the testimony of Edward Long, an insurance agent, and the policies of insurance and the checks given in settlement, as explained by the witness. All of this evidence was admitted over objection that it was irrelevant and immaterial. Although the policies were payable to the mother of the deceased, and not to the defendant George Johnson, the evidence was still relevant on the question of motive, it appearing from the testimony that the defendant had knowledge of the insurance policies, and that he and his wife, the beneficiary, were living together. *Mitchell* v. *State,* 152 *Ga.* 375 (6) (109 S. E. 357) ; *Beckworth* v. *State,* 183 *Ga.* 871 (2) (190 S. E. 184).

■ In ground 7 the movant assigned error upon the admission in evidence of records of the superior court of Warren County, identified by the clerk, and showing that the defendant George Johnson was indicted in 1911 for the offense of rape, and that an entry of mistrial was made on the indictment. This evidence was introduced by the State after the defendant in his statement to the jury had declared: "I am fifty-nine years old, and I have never stayed more than twelve miles from that jail. I have never paid a fine. I have never been bothered by anybody until to-day." The record shows that in offering this evidence the solicitor-general stated to the court that it was offered in rebuttal of "the defendant's statement that he had lived in Warren County fifty-nine years, and had never been in court." This ground does not show error. "Where the defendant in a criminal case exercises his right of making a statement not under oath, such statement may be contradicted by testimony as to the facts which it narrates." *Doyle* v. *State,* 77 *Ga.* 513 (2) ; *Morris* v. *State,* 177 *Ga.* 106, 115 (169 S. E. 495).

■ In special ground 3 the movant assigned error upon an excerpt from the charge of the court, relating to the testimony of an accomplice. In the brief filed for the plaintiff in error in this court, no contention is made as to this ground, except that the charge was not authorized by the evidence. There was no evidence tending to show that any witness was an accomplice, unless it be otherwise in reference to Forest Ivey. Even if there was no evidence that Forest Ivey was an accomplice, the charge complained of tended to minimize the credit to be given to the witness, and therefore it was not harmful to the accused. Cf. *Cole* v. *State,* 120 *Ga.* 485 (4) (48 S. E. 156).

■ In ground 8 the movant assigned error on the failure of the judge, without request, to charge a stated principle on the defense of alibi. There was no merit in this ground. It appears from the evidence that the guilt or innocence of the defendant depended upon whether there was a conspiracy between the defendant and another or others to kill the deceased, and whether the deceased was killed in pursuance of such conspiracy. The defendant did not rely on the defense of alibi as related to conspiracy. Under the evidence, a charge upon the subject would not have been applicable. *Young* v. *State,* 125 *Ga.* 584 (2) (54 S. E. 82).

For the reasons indicated in the second division of this opinion, the court erred in overruling the motion for a new trial. In view of the possibility that the evidence may not be the same on another trial, no ruling will be made as to the sufficiency of the evidence to support the verdict.

*Judgment reversed. All the Justices concur, except*
Bell and Jenkins, JJ., who dissent from the ruling stated in the second division of the decision.