**4**

## HICKS v. CHERRY.

BELL, Justice. 1. "Acquiescence for seven years, by acts or declarations of adjoining landowners, shall establish a dividing line." Code, § 85-1602. "Where actual possession has been had, under a claim of right, for more than seven years, such claim shall be respected." Code, § 85-1603. In the instant case, involving the location of a land line, the evidence, though conflicting, was sufficient to authorize the verdict for the plaintiff under either or both of the foregoing rules.

2. The first two special grounds of the motion for new trial, complaining only in general terms that the judge failed to submit the issues involved under the pleadings, or to instruct the jury as to the principles of law applicable thereto, were too indefinite to raise any question for determination. *Carter* v. *Dixon*, 69 *Ga.* 82 (3); *Seaboard Air-Line Railway* v. *Randolph*, 136 *Ga.* 505 (5) (71 S. E. 887).

3. A ground of a motion for a new trial must be complete within itself. Accordingly, ground 3 of the amendment, while complaining that the court failed to submit a specific contention of the defendant, was incomplete, and insufficient to show error, in that it was not made to appear therein whether such contention was supported by any evidence. *Birmingham & Atlantic Air-Line Railroad &c. Co.* v. *Walker*, 101 *Ga.* 183 (3) (28 S. E. 534); *Prescott* v. *Fletcher*, 133 *Ga.* 404 (2) (65 S. E. 877); *Flake* v. *Bowman*, 28 *Ga. App.* 443 (3) (111 S. E. 747).

4. The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 13898.   OCTOBER 14, 1941.

*Lester F. Watson,* for plaintiff in error.
*R. M. Daley* and *R. I. Stephens,* contra.