## 34758. WILLIAMS *v.* THE STATE.

TOWNSEND, J. 1. An indictment charging the defendant with murder "for that the said accused on the 26th day of November, 1952, in the county aforesaid, unlawfully and with force of arms then and there unlawfully, feloniously, wilfully and of her malice aforethought, did kill and murder her own unnamed infant female child by burning said child, the manner, form and nature of the burning being to the grand jurors unknown, and giving to the said child then and there a mortal wound, of which mortal wound the said child died," is not demurrable on the ground that it fails to set forth the manner of burning (*Walker* v. *State,* 141 *Ga.* 525 (1a), 81 S. E. 442), or because it is alleged that the form and nature of burning are to the grand jurors unknown (*Johnson* v. *State,* 186 *Ga.* 324 (1), 197 S. E. 786), or on the ground that it is too uncertain to put the defendant on notice of what she is required to defend (*Hall* v. *State,* 133 *Ga.* 177 (1), 65 S. E. 400). The motion to quash the indictment on these grounds was properly overruled.

2. Where, on the trial of such indictment, the undisputed testimony is that, within two hours after its birth, an infant had been in some manner exposed to heat, from which it died about 40 hours later, and where the defendant admitted that she wished to conceal the child's birth from her family, and also stated that she gave birth to it alone, and then left it near the heater for a short period of time and, on returning, found it, as she supposed, dead, and attempted to conceal the body, and where the only medical witness testified that a newly born infant, being extremely vulnerable, might easily be unintentionally injured by being placed near a stove—no other facts appearing, the death must of necessity have been either (1) accident, (2) murder, or (3) involuntary manslaughter in the commission of a lawful act without due caution or circumspection. If the child died without any fault or culpable neglect on the part of the mother, it was accident. If she placed it near a hot stove with the intention of killing it, the act was murder. If she left it near the stove, without intending actual harm but in a careless and criminally negligent manner, the offense was involuntary manslaughter in the commission of a lawful act which probably might produce such a consequence. There being no evidence from which an inference might be drawn that the act was in itself unlawful, the conviction finding the defendant guilty of involuntary manslaughter in the commission of an unlawful act was without evidence to support it, and the charge on that grade of homicide was error. Code § 26-1009; *Burke* v. *State,* 52 *Ga. App.* 408 (183 S. E. 628).

2. It was also error to fail to instruct the jury that they might consider, under the lesser grades of homicide, involuntary manslaughter in the commission of a lawful act without due caution and circumspection, since this offense was involved under the evidence in the case. *Jackson* v. *State,* 181 *Ga.* 753 (184 S. E. 279).

The trial court erred in denying the motion for new trial as amended.

*Judgment reversed. Gardner P. J., and Carlisle, J., concur.*

DECIDED SEPTEMBER 19, 1953.

*I. Seaman Williams, Wm. J. Neville, W. G. Neville,* for plaintiff in error.

*Walton Usher, Solicitor-General,* contra.