36405.   HAZAN *v.* MORRIS.

DECIDED NOVEMBER 28, 1956.

*Charlie Franco*, for plaintiff in error.

*M. H. Blackshear, Jr., Haas, Holland & Blackshear*, contra.

NICHOLS, J. ■ The defendant in a supplemental brief filed on November 1, 1956, in compliance with an order of this court issued under Code § 6-1604, which required him to file additional argument in support of *all* his assignments of error, only argued the third special ground of his amended motion for new trial. Therefore, the exceptions to the overruling of his special demurrer and to the denial of his motion for new trial on the general grounds and the first two special grounds are treated as abandoned.

■ In the third special ground the defendant contends that the trial court erred in failing to charge the jury his contention that if the jury found for the plaintiff the defendant would "be entitled to reduce the amount sued for by the plaintiff in that amount the jury felt was owed, if any, by the plaintiff to the defendant." No evidence is set forth in this special ground to support the contention of the defendant that the trial court erred in failing to charge on this contention.

"A ground of a motion for a new trial must be complete within itself. Accordingly, ground 3 of the amendment, while complaining that the court failed to submit a specific contention of the defendant, was incomplete, and insufficient to show error, in that it was not made to appear therein whether such contention was supported by any evidence. *Birmingham & Atlantic Air-Line Railroad &c. Co.* v. *Walker*, 101 *Ga.* 183 (3) (28 S. E. 534); *Prescott* v. *Fletcher*, 133 *Ga.* 404 (2) (65 S. E. 877); *Flake* v. *Bowman*, 28 *Ga. App.* 443 (3) (111 S. E. 747)." *Hicks* v. *Cherry*, 193 *Ga.* 4 (3) (17 S. E. 2d 60).

Therefore this one remaining ground of the amended motion for new trial is incomplete and presents no question for decision by this court, and the trial court did not err in denying the defendant's motion for new trial as amended.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*