23546. MATHIS v. THE STATE.

352

SUBMITTED JUNE 14, 1966—DECIDED JULY 7, 1966.

*Jack C. Bell,* for appellant.

*Floyd G. Hoard, Solicitor General, Arthur K. Bolton, Attorney General, Rubye G. Jackson, Assistant Attorney General,* for appellee.

ALMAND, Justice. Albert J. Mathis, under an indictment charging him with the offense of rape, was on his trial found guilty, with a recommendation of mercy, and sentenced to a term of 15 years. The case is here on appeal in which error is enumerated in six grounds.

■ On the call of this case, the defendant filed his challenge to the array of the jurors on the following grounds: "1. Said jury list placed upon him has been altered, changed and arranged from its original form in the order from which the names were originally drawn and selected to serve as jurors and allteded [sic] from the order said jurors were impanneled [sic] in this the August term of this court in that the last 23 names appearing on said panel placed upon the juror have been systematically removed from their original order. 2. Because of the systematic rearrangement of said jury panel, the movant herein is denied his constitutional right to a fair and impartial trial by jury of his peers and the laws in such cases, made and provided." The court overruled the challenge. No evidence was submitted to support this challenge. The burden was upon the defendant to show any irregularity in the drawing or impaneling the jury in order to rebut the presumption that the jury was drawn and impanelled according to the law. Enumerated error No. 1 is without merit.

■ Enumerated errors 2 and 3 will be considered together. Grounds 2 and 3 assert the court erred in permitting G.B.I. agents Vandiver and Worthy to testify over objections to statements made to them by one Ralph Kimzey out of the presence of the defendant.

The two G.B.I. agents testified, over objection, that they, after interviewing the aggrieved female, interviewed Ralph Kimzey, a nephew of the defendant, who was with the defendant and the aggrieved female on the night she claimed she was assaulted. Kimzey told the officers that the defendant and the female left his presence and shortly therafter the female returned and related the details of the defendant having had intercourse by force with her. The defendant objected on the ground that the statements made by Kimzey were out of the presence of the defendant and were hearsay.

Subsequently, the defendant put Kimzey on the stand as a witness in his behalf. His counsel examined the witness and elicited the same evidence which the G.B.I. agents had previously testified to. The defendant, having brought out the same evidence to which he had previously objected, cannot be heard to complain as to the State's introduction of similar evidence.

■ Ground No. 5 asserts that the court erred in charging the jury on the law of conspiracy.

The court prefaced the charge by stating, "in this case, evidence has been admitted concerning certain statements claimed to have been made by a co-defendant in this case of, the State versus Albert J. Mathis," and the court followed this statement with a full charge relating to the law of conspiracy in a criminal case.

While the evidence on behalf of the State shows that the defendant Mathis had intercourse with the female by force and shortly thereafter she voluntarily and by consent had intercourse with Ralph Kimzey and that Kimzey was charged with rape and kidnaping, there is not one iota of evidence that supports any claim that Kimzey and the defendant had entered into, formed or agreed to act in concert in having intercourse with the female. Nor is there a line of evidence that Kimzey aided, assisted or abetted the defendant in having intercourse with the female. On the contrary, all of the evidence in support of the State's case is that Kimzey's first knowledge of the defendant's acts was when the female complained to him of such acts and asked him to protect her from the defendant.

■

There being no evidence of any conspiracy between the defendant and Kimzey to have intercourse forcibly with the female, it was error for the court to charge on the law of conspiracy. *Birmingham & Atlantic Air-Line R. &c. Co. v. Walker,* 101 Ga. 183 (3) (28 SE 534); *Johnson v. State,* 186 Ga. 324 (2) (197 SE 786).

■ We have examined ground No. 4 complaining that the court erred in excluding certain testimony of Ralph Kimzey and ground No. 5 complaining that the court erred in its charge on the law relating to admissions in criminal cases. We have found them to be without substance or merit.

A new trial is ordered by reason of the error set out in Division 3 of this opinion.

There is no enumeration of error as to the sufficiency of the evidence to support the verdict, and we accordingly make no ruling in this regard.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., and Candler, P. J., who dissent.*