## 57916. COPPEDGE v. FINANCIAL SERVICES GROUP CORPORATION.

BIRDSONG, Judge.

Summary judgment was granted to appellee, a mortgage broker, on its claim against appellant for a $5,000 commission allegedly earned and due for securing a loan on real property owned by appellant.

The appellant admitted in a response to request for

admissions that he entered into a written contract with appellee whereby appellee agreed to obtain first mortgage loans on two of appellant's apartment complexes, Georgian Village Apartments and Hillcrest Apartments, respectively. The contract further provided that if a loan commitment was obtained below $250,000 for the Hillcrest complex, a fee of $5,000 would be charged for both first mortgage loan commitments. The contract then provided "3. FSG agrees to seek second mortgage financing at the request of the applicant if the loan commitment on Hillcrest Apartments is not obtained at $250,000.00 as described in the above. FSG agrees to obtain the second mortgage financing without a fee from the [defendant]." The appellant has also admitted that the Hillcrest Apartments loan was obtained in the amount of $232,500; that the other one was for $250,000; and that both loans were closed and the loan funds disbursed on January 30, 1978. On the same date of the closing for these loans, appellant admitted placing a second mortgage via a subordinate deed to secure debt on these properties with a different lender, Southern Acceptance Corporation, to secure a $9,000 loan to appellant. This instrument was filed for record in the Cobb Superior Court on February 27, 1978, and has not been shown to have been paid. In opposition to appellee's motion for summary judgment, appellant averred in an affidavit that: "(b) The Plaintiff agreed that its fee would not be due until after it had obtained a second mortgage for me"; and that the plaintiff has not obtained "second mortgage financing for me." There were several attachments to the affidavit, one of which is *another* deed to secure debt with power of sale in which defendant again on January 30, 1978, conveyed these properties to still another lender, the Citizens & Southern Bank to secure a $9,000 loan to defendant. This instrument was filed for record on January 31, 1978, and marked "Satisfied" on March 30, 1978, by the clerk of the Cobb Superior Court. Appellant in his affidavit makes no reference to this deed and has submitted nothing by way of argument or otherwise as to how it bears on this case. *Held:*

Appellant on appeal contends that the evidence contained in his affidavit that the fee would not be due

until a second mortgage was obtained on the Hillcrest property raised a material issue of fact which would prevent the grant of summary judgment to appellee. The written contract between the parties does not provide as averred by appellant in the affidavit. It is obvious therefore that this claimed agreement was an oral or parol one. Neither party has addressed this issue of whether this evidence would be admissible. Nonetheless, appellee has correctly pointed out that appellant by his own act placed a second mortgage on the property which has not been satisfied or paid. By encumbering the property with an unsatisfied second mortgage, the appellant has effectively precluded performance of this parol agreement, assuming but not deciding that it lawfully can be enforced. "If the non-performance is caused by the act or fault of the opposite party, that excuses the other party from performance." Code § 20-1104. Where a party is prevented from full performance on account of acts of the opposite party, he can recover for that part of the contract he has performed. *Flake v. Bowman,* 28 Ga. App. 443 (111 SE 747). The performance by appellee of this parol agreement was excused by appellant's own act in placing a second mortgage on the property when he conveyed it to Southern Acceptance Corporation on January 30, 1978. The other security deed to the Citizens and Southern Bank which has been satisfied does not appear to have any effect on the deed to Southern Acceptance. The appellee made out a case showing that it was entitled to a judgment as a matter of law and appellant has made no counter showing that a material issue of fact exists. Therefore, summary judgment was correctly granted to appellee. *Meade v. Heimanson,* 239 Ga. 177 (236 SE2d 357).

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED JUNE 11, 1979 — DECIDED JULY 6, 1979 — REHEARING DENIED JULY 20, 1979 —

*Gort, Rabiner, Joffe & Joffe, Edward M. Joffe,* for appellant.

*Harvey, Willard, Elliott & Olsen, Ewell H. Elliott, Jr.,* for appellee.