## 59393. NEY-COPELAND & ASSOCIATES, INC. v. TAG POLY BAGS, INC.

SHULMAN, Judge.

Plaintiff brought suit against defendant, a Texas corporation, for breach of contract, predicating jurisdiction on the Long Arm Statute, Code Ann. § 24-113.1. Plaintiff asserted that the "minimum contacts" requirement of transacting business within Georgia was satisfied by virtue of a business meeting (at which contract negotiations were held) between plaintiff and agents of the defendant. By special appearance, defendant moved to dismiss plaintiff's complaint for lack of jurisdiction, arguing that, regardless of whether or not such meeting satisfied the minimum contacts test, since defendant corporation did not exist as a corporate entity at the time of the meeting (as the date of its incorporation succeeded the alleged meeting date), jurisdiction could not be acquired over the defendant on the basis of such meeting. From a judgment finding jurisdiction, defendant appeals. We affirm.

In *Johnson-Battle Lumber Co. v. Emanuel Lumber Co.*, 33 Ga. 517 (126 SE 861), this court held that "[w]here, after one half of the capital stock of a corporation, which belongs to one person, who owns the entire capital stock, is acquired by new stockholders, and all the new stockholders apply for articles of incorporation and become incorporated for the same objects and purposes under a charter creating a new corporation having in effect the same name, which takes over the entire assets and business of the old corporation as well as its stockholders, who become stockholders of the new corporation, and operates the new corporation in the same place and in the same manner in which the old corporation was operated, and becomes liable for the debts of the old corporation, the new corporation, by reason of such identity of name, objects, assets, and stockholders, is but a continuance of the old corporation, and the new corporation is liable for the debts and obligations of the old corporation."

In the instant case, the trial court was authorized to determine by reason of an identity of name (from Ney-Copeland & Associates to Ney-Copeland & Associates, Inc.), objects, assets, and stockholders (being the former partners of Ney-Copeland & Associates) that the former partnership of Ney-Copeland & Associates (the partners of which allegedly held the business meeting with plaintiff) was, for all intents and purposes, identical to Ney-Copeland & Associates, Inc. — that Ney-Copeland & Associates, Inc., was in fact the successor in interest to

Ney-Copeland & Associates; and that upon its formation, Ney-Copeland & Associates, Inc., assumed and was liable for all the debts and obligations of the prior partnership.

Concomitant with the new corporation's presumed assumption of and liability for the debts and obligations of the partnership is the newly formed corporation's responsibility for the actions of the prior business upon which such debts and liabilities (if in existence) could be predicated. This being so, the business meeting held between the prior partnership and the plaintiff, as an action of the prior partnership (giving rise to the claim of jurisdiction), would likewise be attributable to its successor in interest, the newly formed corporation.

Cases appellant cites for the proposition that a purported agent cannot bind a non-existent corporation; that is, one that is yet to be formed (see, e.g., *R. A. C. Realty Co. v. W. O. U. F. Atlanta Realty Corp.,* 205 Ga. 164 (52 SE2d 617)), do not compel a contrary result. Based on the identical nature of the prior partnership and the newly formed corporation, which constitute a single continuous business entity, the newly formed corporation cannot be said to have been non-existent at the time of the business meeting.

In view of their identity, the structural reorganization of the business (from a partnership into a corporation) does not negate the prior existence of the business; that is, its existence prior to the date of incorporation. And it is the prior acts of the business (as a partnership) upon which jurisdiction is based.

Since we find that the actions of the agents of Ney-Copeland & Associates, which the trial court determined constituted the necessary minimum contacts under the Long Arm Statute, are attributable to Ney-Copeland & Associates, Inc., the court properly found jurisdiction over the defendant corporation.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED FEBRUARY 13, 1980 — DECIDED APRIL 7, 1980.

*Thomas R. Campbell, Jr.,* for appellant.
*Frank W. Armstrong,* for appellee.