70714. JARRELL v. COLLINS et al.
(336 SE2d 305)

SOGNIER, Judge.

Lannie Jarrell filed a complaint against Grady Collins (lessee) seeking rental due on farm equipment and farm land and a restraining order to prevent lessee from harvesting and selling the crops on the property. The restraining order issued by the trial court was later dissolved with direction that the proceeds from lessee's crop be paid into the court. Lessee answered denying he was indebted to Jarrell and admitting that First Bulloch Bank & Trust Company (Bank) had a security interest in the crop proceeds. The Bank's motion to intervene as defendant was granted by the trial court. The trial court found in favor of the Bank's motion for summary judgment as to the crop proceeds and Jarrell appeals.

1. Appellant's contention that the trial court erred by granting summary judgment to the Bank because appellant had a priority lien to the crop proceeds under OCGA § 44-14-340 is without merit. Liens under OCGA § 44-14-340 arise by operation of law and are enforced in the manner provided by OCGA § 44-14-550. OCGA § 44-14-340 (1). The record clearly reflects appellant's failure to follow the requisite procedure set forth in OCGA § 44-14-550. Compare *Chambless Ford Tractor v. McGlaun Farms,* 169 Ga. App. 672 (314 SE2d 689) (1984). "Liens are statutory remedies created in derogation of the common

law and are strictly construed. [Cit.]" *Metro Properties v. City of Dalton*, 161 Ga. App. 711, 714 (2) (288 SE2d 745) (1982). "One claiming a lien must clearly bring himself within its terms. [Cits.]" *Ga.-Pacific Corp. v. Dan Austin Properties*, 126 Ga. App. 191 (190 SE2d 131) (1972), aff'd 229 Ga. 803 (194 SE2d 472). Because any lien appellant may have under OCGA § 44-14-340 had not arisen and been asserted under OCGA § 44-14-550, no question of fact existed as to any such lien and the trial court did not err by granting summary judgment to the Bank. OCGA § 9-11-56; *Wall v. Mills*, 126 Ga. App. 149 (190 SE2d 146) (1972).

2. Under our holding in Division 1, it is not necessary to address appellant's contention that summary judgment was erroneously granted to the Bank because the description of lessee's crops in the financing statement was insufficient as a matter of law to create a priority security interest in the Bank for lessee's crop proceeds. We note that lessee admitted the validity of the Bank's claim on his crop proceeds and nothing in the record indicates appellant has obtained judgment against lessee on the complaint for rent. Thus, as among these parties, there is no question of fact that the Bank is entitled to the crop proceeds as a matter of law under its contract with lessee and the trial court correctly granted summary judgment to the Bank on that basis. See generally *Coppedge v. Fin. Svcs. &c. Corp.*, 150 Ga. App. 849, 851 (258 SE2d 654) (1979).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED OCTOBER 8, 1985.

*Hugh T. Hunter*, for appellant.
*James B. Franklin, Sam L. Brannen*, for appellees.