A95A2829. PET CARE PROFESSIONAL CENTER, INC.
v. BELLSOUTH ADVERTISING & PUBLISHING
CORPORATION.
(464 SE2d 249)

BLACKBURN, Judge.

BellSouth Advertising & Publishing Corporation (BAPCO) brought the underlying action for breach of contract, or, alternatively, in quantum meruit to recover sums due for advertising in its Yellow Pages and reasonable attorney fees. Appellant, Pet Care Professional

Center, Inc. (Pet Care) answered, denying the material allegations of the complaint and asserting, among other things, that it had no contract with BAPCO. Subsequently, the trial court granted BAPCO's motion for summary judgment, and this appeal followed.

The claim asserted in this action is based upon a contract entered into by Denise Schon King to advertise a business denominated the Pet Care Professional Center (Center) in the Atlanta Yellow Pages. Center operated as a business partnership with King and three other individuals.

Approximately one month after the contract was signed, the partners, less King who was not invited to participate, incorporated Pet Care. Thereafter, Pet Care refused payment of $13,984.58 for advertising BAPCO provided Center, its predecessor partnership.

1. Pet Care contends that the trial court erred in granting BAPCO's motion for summary judgment in the absence of undisputed facts establishing Pet Care as the successor-in-interest to the Center partnership. Citing *Davis v. Concord Commercial Corp.*, 209 Ga. App. 595 (434 SE2d 571) (1993) and *Ney-Copeland & Assoc. v. Tag Poly Bags*, 154 Ga. App. 256, 257 (267 SE2d 862) (1980), Pet Care argues that complete identity of ownership is required if a corporation is to be deemed a successor-in-interest to a predecessor entity. We disagree.

"Where, after one half of the capital stock of a corporation, which belongs to one person, who owns the entire capital stock, is acquired by new stockholders, and all the new stockholders apply for articles of incorporation and become incorporated for the same objects and purposes under a charter creating a new corporation having in effect the same name, which takes over the entire assets and business of the old corporation as well as its stockholders, who become stockholders of the new corporation, and operates the new corporation in the same place and in the same manner in which the old corporation was operated, and becomes liable for the debts of the old corporation, the new corporation, by reason of such identity of name, objects, assets, and stockholders, is but a continuance of the old corporation, and the new corporation is liable for the debts and obligations of the old corporation." *Johnson-Battle Lumber Co. v. Emanuel Lumber Co.*, 33 Ga. App. 517 (126 SE 861) (1924). "In Georgia, the common law continuation theory has been applied where there was *some* identity of ownership. [Cits.]" (Emphasis supplied.) *Bullington v. Union Tool Corp.*, 254 Ga. 283, 284 (328 SE2d 726) (1985); *Cilurso v. Premier Crown Corp.*, 769 FSupp. 372, 374 (M.D. Ga. 1991). Moreover, the continuation theory has been held applicable in situations where, as here, the purchasing corporation succeeds to the assets of a business partnership. *Ney-Copeland*, supra.

It is uncontroverted that Pet Care incorporated for the purpose

of continuing "a pet care business" and that the assets of the two entities did not change. Both businesses employed substantially the same names, operated from the same location, and used the same telephone service and accounts. Three of Center's four partners became stockholders in Pet Care. Although less than a complete identity of ownership between Center and Pet Care resulted, only *some* identity of ownership was required. See *Bullington*, supra; *Cilurso*, supra.

It is likewise uncontroverted that Center contracted for advertising services from BAPCO and that it later received such services in the amount of $13,984.58. Under these circumstances, the trial court did not err in determining that Pet Care was the successor-in-interest to Center and liable for all its debts and obligations. Accordingly, summary judgment on this ground was proper.

2. In light of our disposition of Division 1, we do not reach Pet Care's remaining enumerations of error.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 17, 1995.

*Heidi A. Honis*, for appellant.

*Strongwater & Cherniak, Jay L. Strongwater, Leeza R. Cherniak*, for appellee.