WATTS *v.* THE STATE.

COBB, J.   1. In the absence of a proper written request to charge, a new trial will not be granted because of the failure of the trial judge to instruct the jury as to the law applicable to the impeachment of witnesses. *Anderson* v. *State*, 117 *Ga.* 255 (4.)

2. A proper request to charge should embody the exact instruction which the party desires to be given.   Hence a ground of a motion for a new trial complaining that the court, "after having been requested in writing so to do, failed and refused to charge the jury on the question of impeachment of witnesses," furnishes no reason for granting a new trial.   If in point of fact the instruction desired was written out and submitted to the judge, it should have been set forth in the motion, in order that the Supreme Court might pass upon its legal sufficiency.   On the other hand, if the request was in the language contained in the motion, it was too general and broad in its scope.

3. It is not error to refuse a request to charge that a witness may be impeached "by proof of contradictory statements," when the request fails to set forth

that the statements must relate "to matters relevant to his testimony and to the case." Penal Code, § 1026.

4. In a prosecution for the illegal sale of whisky, the State need not prove the exact day on which the sale took place, but only that it occurred within two years previously to the finding of the indictment or accusation.

5. The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur.*

Argued June 21, — Decided July 12, 1904.

Accusation of selling liquor. Before Judge Clark. City court of Forsyth. May 17, 1904.

*Robert L. Berner*, for plaintiff in error.

*Howard E. Chambliss, solicitor*, and *Persons & Persons*, contra.