## 9088. BUTLER v. THE STATE.

BLOODWORTH, J. 1. "Where the presiding judge by his general charge presents to the jury the law governing the substantial and controlling issues in a case, the mere failure or omission to charge upon minor points, to which his attention is not called at the time, is not ground for a new trial." *Thomas* v. *State,* 95 *Ga.* 485 (4) (22 S. E. 315).

2. The court should instruct the jury as to all the methods by which a witness may be impeached, so far as such instructions are authorized by the evidence; but failure to do so will not require the granting of a new trial, where no written request was made to charge the jury as to the mode of impeachment omitted from the instructions on that subject. *Millen &c. R. Co.* v. *Allen,* 130 *Ga.* 656. (5) (61 S. E. 541); *Roberson* v. *State,* 4 *Ga. App.* 833 (62 S. E. 539).

3. If fuller instructions were desired, a legal and timely written request therefor should have been made.

4. When considered in connection with the entire charge, it was not erroneous to charge the jury that "If you believe beyond a reasonable doubt, under the rules of law given you in charge, that the defendant, Harrison Butler, at any time within two years previous to the swearing out of the accusation, was guilty of selling whisky as alleged in the accusation, you should find him guilty, in which event the form of your verdict would be, 'We, the jury, find the defendant guilty.'"

5. The jury believed the evidence for the State, the verdict was approved by the trial judge, and this court will not interfere.

        *Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*

            DECIDED OCTOBER 31, 1917.

Accusation of selling intoxicating liquor; from city court of Dublin—Judge Flynt. July 20, 1917.

*Twitty & Hicks, J. B. Green,* for plaintiff in error.

*S. P. New, solicitor,* contra.