### DEDGE *v.* THE STATE.

GILBERT, J. 1. Movant complains that the court erred in charging the jury as follows: " I charge you, gentlemen of the jury, that when a defendant sets up as a defense an alibi, that the burden is upon the defendant to establish his defense of an alibi to your satisfaction and to a reasonable certainty; and I charge you further, in this connection, that it is your duty to consider the evidence on the question of alibi along with all the other evidence introduced in this case; and if all the evidence, including the evidence introduced on the question of alibi, considered in connection with all the other evidence, creates in your minds a reasonable doubt, then it is your duty to give the defendant the benefit of the doubt and acquit him." The error pointed out is that the court placed too great a burden upon the accused in requiring the defendant to establish his defense of an alibi " to your satisfaction and

to a reasonable certainty." It has been frequently ruled by this court that an alibi need only be established to the "reasonable satisfaction of the jury." The omission of the word "reasonable" before the word "satisfaction," if there had been no other infirmity in the charge, would not have required a reversal of the judgment. It has been held that the term "to a reasonable certainty" is the equivalent of "beyond a reasonable doubt" (*Bone* v. *State*, 102 *Ga.* 387, 30 S. E. 845), and it is error to require the accused to establish an alibi beyond a reasonable doubt. *Harrison* v. *State*, 83 *Ga.* 129 (9 S. E. 542).

2. The court admitted, over timely objection, the following evidence: "I didn't tell the inquest jury these facts, because I was scared to. I was scared they would do the same to me. They killed my stepfather, and I was scared they would do me the same way. 1 don't know whether they were under arrest or not. They wasn't at the time we came in here." The grounds of objection were that the evidence was hearsay, irrelevant, and a conclusion of the witness, and was calculated to prejudice the minds of the jury against the accused. Clearly, a part of this evidence was not open to the objection made; and the judgment will not be reversed for the admission of the testimony. Had the objection been specifically directed to the expression, "They killed my stepfather," quite a different question would have been raised.

3. The following charge to the jury, under the facts of the case, was inapplicable, but is not cause for the grant of a new trial: "The testimony of a single witness is generally sufficient to establish a fact, except in certain cases such as treason or perjury, and in the case of a felony where the only witness is an accomplice; and in these cases (except treason) corroborating circumstances may dispense with another witness."

4. The court instructed the jury as follows: "It is contended by the defendant now on trial that he is not guilty of the charge alleged in the bill of indictment; he further contends that neither he nor either of the codefendants participated in the commission of the alleged crime or was present at the scene of the crime." Error is assigned on this excerpt from the charge, on the ground that it was not adjusted to the facts, in that the defendant, J. R. Dedge, who alone was on trial, had made no contention as to the guilt or innocence of those jointly indicted with him, but denied on his own part all knowledge as to who committed the offense. Since there is to be another trial, it is unnecessary to rule upon this ground of the motion, further than to say that in stating the contentions of the accused the court will adjust the charge to the facts of the case.

5. The remaining grounds of the motion for a new trial show no error, and they are not of such character as will require special mention. As the case is to be tried again, no ruling is made as to the sufficiency of the evidence, nor upon the grounds of the motion based upon newly discovered evidence.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent because of illness, and*

BECK, P. J., dissenting. While the charge upon the subject of alibi was not entirely accurate, the error was not such, in view of the entire charge,

as to authorize this court to reverse the judgment of the court below refusing a new trial.

No. 2907.    MARCH 18, 1922.

Indictment for murder. Before Judge Summerall. Bacon superior court. October 6, 1921.

*T. A. Wallace, Dickerson & Kelley, L. D. Luke,* and *Padgett & Watson,* for plaintiff in error.

*George M. Napier, attorney-general, A. B. Spence, solicitor-general, Seward M. Smith, asst. atty.-gen., John W. Bennett, I. J. Bussell, A. J. Tuten,* and *H. L. Causey,* contra.