## ROE *v.* THE STATE.

1. Where on a trial for murder a witness for the accused testified that he did not know who did the killing, and thereupon two witnesses for the State testified that the witness had stated that the accused did the killing, it was· error to refuse an appropriate request to instruct the jury that any such statement by the witness for the accused could not be considered for any purpose except to impeach the witness.

2. A statement by the deceased, four hours before he died, when informed of his critical condition, *held* not admissible as a dying declaration.

3. Omission to instruct the jury on the law of confessions of guilt is not error in the absence of a proper request.

### No. 5804.  APRIL 14, 1927.

Murder.  Before Judge Wood.  Cobb superior court.  December 18, 1926.

*Mozley & Gann,* for plaintiff in error.

*George M. Napier, attorney-general, George D. Anderson, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

GILBERT, J.  Julius Roe was convicted of the offense of murder. He made a motion for new trial, which being overruled, he excepted.

1.  One ground of the motion complains that the court erred in refusing to give in charge to the jury the following principle. of law which was duly requested in writing: "Any statement that any witness stated to the officers that Julius Roe did the shooting could not be considered by the jury for any purpose except to impeach the witness, and that they could not consider such statements for any other purpose in this case."  A witness introduced by the accused testified that he did not know who· did the killing. Thereupon the State introduced two witnesses who testified to a previous contradictory statement of the said witness, wherein he stated that the defendant did the killing.  The refusal to charge as requested was error.  The request contained a legal and pertinent charge, and, in view of the conflict in the evidence, the refusal requires the grant of a new trial.  Compare *Owens* v. *State,* 139 *Ga.* 92 (76 S. E. 860), where it was held that such impeaching evidence should not be considered as evidence except as bearing upon the credibility of the witness sought to be impeached.

Criminal Law, 16 C. J. p. 640, n. 15; p. 855, n. 14, 15; p. 1061, n. 61; p. 1151, n. 5; p. 1152, n. 14.

Homicide, 30 C. J. p. 254, n. 20; p. 255, n. 21, 24; p. 256, n. 25; p. 257, n. 32.

2. Other grounds of the motion complain that the court erred in admitting evidence offered by the State to be considered by the jury as a dying declaration. The deceased was shot on October 23, 1926. He made the statement admitted in evidence about 6 o'clock p. m., and died between 10 and 11 o'clock p. m., of the day he was shot. The attending physician testified that at the time the statement was made the deceased was in a critical condition, that he told deceased he was in a very serious condition and not likely to get well, that he would have to be operated on, that deceased said that "something would have to be done right away or he would die," and that at the time the deceased was conscious of his condition. The court erred in admitting this evidence as a dying declaration. *Howard* v. *State,* 144 *Ga.* 169 (86 S. E. 540).

3. Another ground of the motion complains that two bailiffs testified that "movant confessed to them, . . that movant confessed to killing the deceased, and gave no excuse for so doing," and that the court failed to charge on the law of confession. Failure to charge on the law of confession, where there is no written request duly presented, is not error. *Cantrell* v. *State,* 141 *Ga.* 98 (2) (80 S. E. 649); *Jones* v. *State,* 150 *Ga.* 628 (104 S. E. 425), and cit. *Judgment reversed. All the Justices concur.*