## WALLER *v.* THE STATE.

1. Where an indictment for murder alleges that the weapon used by the accused was "a piece of iron, . . some blunt instrument, the exact character of which is unknown to the grand jury," and that it caused the death of the deceased, it is not necessary to describe more definitely the weapon with which the crime is alleged to have been committed, nor to allege that it was a weapon likely to produce death. Accordingly, a demurrer to the indictment on the ground that it did not sufficiently describe the instrument alleged to have been used in the killing of the deceased, was properly overruled.

2. The Supreme Court will take judicial cognizance of the fact that the superior court of Campbell County convenes each year on the first and second Mondays in February and August. There is nothing on the face of the indictment to indicate that it was returned prior to the time alleged in the indictment that the crime was committed; and therefore the demurrer on this ground was properly overruled.

3. Grounds 4, 5, 6, 7, 8, and 10 of the motion for new trial assign error on the admission of certain evidence, which is alleged to be irrelevant and immaterial. An examination of these grounds show that they are not meritorious and furnish no reason for the grant of a new trial.

4. Ground 9 assigns error on the refusal of the court to declare a mistrial, upon motion of defendant's counsel, on account of the following statement of counsel for the State: Mr. Lawrence S. Camp (counsel for the State): "This witness knows a lot of things that are not admissible against this defendant." The Court: "I also state to you gentlemen, the remark made by Mr. Camp, you will pay no attention to. I rule that out." In view of this statement by the court this ground of the motion is not cause for the grant of a mistrial.

5. The charges of the court, as set out in grounds 11, 12, 13, 14, and 15 of the motion, do not show error and are not cause for reversal.

6. The failure of the court to charge, as set out in grounds 17 and 20, is not cause for reversal under the facts of the case.

7. A request to charge the jury should embody the exact instruction which is desired to be given. Accordingly, it will not require a new trial for the court to refuse to charge the jury on the subject of impeachment of witnesses, where a general request was made "to charge the law on impeachment of witnesses."

8. A charge on the presumption arising from a failure to produce a witness is not applicable to a criminal case. It was not error to refuse to so charge.

Criminal Law, 16 C. J. p. 526, n. 87; p. 917, n. 67; p. 919, n. 71; p. 983, n. 27; p. 987, n. 72; p. 990, n. 3; p. 994, n. 27, 30; p. 1002, n. 17, 18; p. 1005, n. 54; p. 1007, n. 81; p. 1022, n. 48; p. 1023, n. 71 New; p. 1056, n. 20, 21; p. 1058, n. 37; p. 1059, n. 42; p. 1060, n. 46; p. 1061, n. 47, 49, 51; p. 1063, n. 85; p. 1066, n. 89; p. 1146, n. 53; 17 C. J. p. 297, n. 20; p. 299, n. 31.

Homicide, 30 C. J. p. 102, n. 87; p. 310, n. 25; p. 335, n. 66; p. 395. n. 14.

Indictments and Informations, 31 C. J. p. 818, n. 96.

9. The evidence authorized the verdict, and the court did not err in refusing a new trial.

No. 5717. APRIL 15, 1927.

Murder. Before Judge Hutcheson. Campbell superior court. September 18, 1926.

*W. B. Jones, T. C. Partridge,* and *J. A. McCurdy Jr.,* for plaintiff in error.

*George M. Napier, attorney-general, Claude C. Smith, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

HILL, J. Ora Whittle, George Waller, Charlie Huggins, and Claude Martin were jointly indicted for the murder of Homer McElreath by "beating and killing the said Homer McElreath with a piece of iron and with some blunt instrument, the exact character of which is unknown to the grand jury." George Waller was separately put on trial, and the State relied on circumstantial evidence and certain admissions or incriminatory statements of the defendant for conviction. The jury returned a verdict of guilty, with a recommendation to the mercy of the court, and he was sentenced to the penitentiary for life. He made a motion for new trial upon the usual general grounds and twenty special grounds. The motion was overruled, and the defendant excepted.

1. George Waller filed his demurrer to the indictment in the present case. For grounds of demurrer he says that the indictment fails to allege that the instrument alleged to have been used in the killing of Homer McElreath was such an instrument as would produce death or be likely to produce death; that the indictment does not sufficiently describe the instrument alleged to have been used in the killing of Homer McElreath to put the defendant on notice of the accurate charge against him; that the indictment alleged the first day of February, 1926, as the date of the crime charged against this defendant, and nowhere in the indictment does it appear that the indictment was returned after the alleged crime was committed. These grounds of the demurrer are without merit. Where, as in the present case, the indictment alleges that the weapon used by the accused did in fact produce death, it is not necessary to describe with definiteness the weapon with which the crime is alleged to have been committed, nor to allege that it is a weapon likely to produce death. *Bowens* v. *State,* 106 *Ga.*

9

762 (32 S. E. 666); *Walker* v. *State,* 141 *Ga.* 525 (81 S. E. 442).

2. This court will take judicial cognizance of the fact that Campbell superior court convenes each year on the first and second Mondays in February and August. The record shows that the indictment was returned during the February term, 1926, of Campbell superior court. There is nothing on the face of the indictment to indicate that it was returned prior to the time alleged in the indictment that the crime was committed.

3, 4. The third and fourth headnotes need not be elaborated.

5. Ground 11 of the motion for new trial assigns error on the following excerpt from the charge of the court to the jury: "You will understand that you are not concerned with the names of the other parties named in this indictment who are not on trial, except in so far as the evidence may throw light upon the guilt or innocence of the defendant now on trial, George Waller." The foregoing instruction is not error 'for the reason assigned, that it placed in issue the guilt or innocence of the codefendants, Ora Whittle, Charlie Huggins, and Claude Martin, and authorized the jury to assume that the guilt or innocence of any of the codefendants would be evidence of the guilt of the defendant on trial. Nor is the charge erroneous for the alleged reason that it "authorized the jury to consider the last acts, conduct, and conversations of the codefendants in determining the guilt or innocence of the defendant on trial."

Ground 12 of the motion complains of the following charge to the jury: "The defendant enters upon the trial of this case with the presumption of innocence in his favor, and this presumption remains with him until the [and?] unless the State shall overcome and remove it by the introduction of testimony in your presence and hearing, sufficient to convince your minds beyond a reasonable doubt of the guilt of the accused." This charge was not error for the reason alleged, that it did not state the doctrine of law as to the presumption of innocence as clearly and accurately as the defendant was entitled to have it presented, and placed upon the State a lighter burden than that placed upon the defendant by law; and that under this portion of the charge the jury was authorized to believe that if the State made out a prima facie case, the presumption of innocence would no longer be available to the defendant, "and instead of lasting 'throughout the

trial,' only remained with the defendant during the introduction of the State's evidence." If a fuller charge on this subject was desired, a timely written request therefor should have been made.

In ground 13 the movant insists that the court erred in charging the jury as follows: "Moral and reasonable certainty is all that can be expected in legal investigations. In all civil cases the preponderance of testimony is considered sufficient to produce mental conviction; but in criminal cases a greater strength of mental conviction is held necessary to justify a verdict of guilty." It is insisted that this was an improper charge in this particular case, as there was evidence in behalf of the State and the defendant, and the issue to be determined depended upon the weight which the jury might give to the conflicting evidence; and further, that this charge was error in view of the court's failure to give in charge fully the principle of law as to the presumption of innocence, as set forth in ground 12. The charge complained of is not erroneous for either reason assigned. Penal Code (1910), § 1012.

Ground 14 complains that the court erred in instructing the jury as follows: "The court does not say, gentlemen, and does not express any opinion, there was or was not a conspiracy in this case, and does not say when it began or when it ended; it is a question for the jury to determine under all the circumstances in the case. A conspiracy may be defined as a combination or agreement between two or more persons to do something that is unlawful. I charge you that the rule is, where individuals associate themselves in any unlawful enterprise, any act done in pursuance of the conspiracy, by one of the conspirators, is in legal contemplation the act of all, subject to the qualification that each is responsible for the acts of the others only so far as such acts are necessarily or naturally done pursuant to or in furtherance of the conspiracy. If the common design was unlawful, and if one member of the party departed from the original design as agreed upon by all of the members, and did an act which was not only not contemplated by those who entered into the common purpose, but was not in furtherance thereof, nor the natural or legitimate consequences of anything connected therewith, the person guilty of such act, if it was unlawful, could alone be responsible therefor. I charge you, gentlemen, that the existence or

non-existence of a conspiracy or common intent may be established by proof of acts and conduct as well as by proof of an express agreement. I charge you, gentlemen, if you find there was a conspiracy and that the defendant participated in the common intent and purpose to do what was done, and what was done is that which is alleged in the indictment, then whatever was done by any other person named in the indictment in pursuance of that common intent and purpose would be just as binding upon him as if he did the act himself. I charge you further, gentlemen, that if you find there was no conspiracy, or if there was a conspiracy and the defendant, George Waller, did not participate in the common intent and purpose to do what was done, if you find anything was done, or that what was done was not that which is alleged in the indictment, then anything done by any of the persons would not be binding upon the defendant in this case." Movant insists that this charge was incomplete and harmful to him, in that the court should have further charged the jury that whether a conspiracy had been proved was for the determination of the jury from all the evidence in the case, and, like any other material fact, the conspiracy must be proved beyond a reasonable doubt. The court had charged the jury the law on reasonable doubt, and the failure to so charge in this immediate connection does not render the charge erroneous. If a fuller charge was desired, a timely written request should have been made therefor.

Ground 15 assigns error on the following instruction to the jury: "I charge you gentlemen, that the existence or non-existence of a conspiracy or common intent may be established by proof of acts and conduct, as well as by proof of an express agreement." This charge is not error for the alleged reason that the jury were left to find that a conspiracy or common intent may be established by proof of acts or conduct, without confining such acts and conduct to the parties to the conspiracy, and left it open to the jury to find that a conspiracy may be established by acts and conduct disconnected from the crime with which the defendant is charged. The charge is not open to the criticism. The jury could not by this charge be misled into finding that a conspiracy in this case could be established by acts or conduct disconnected from the crime with which the defendant is charged. Neither is the charge error for the alleged reason that the court failed to give the

pertinent and legal principle of law applicable to the evidence in this case, that conspiracy can not be proved alone by the declaration of the defendant, and that such conspiracy must be proved by aliunde evidence and circumstances, etc. If a fuller charge on the subject was desired, a timely written request therefor should have been made.

6. Movant insists, in ground 17, that the court erred in failing to charge, without request, the following principle of law: "A person may be principal in an offense in two degrees. A principal in the first degree is the actor or absolute perpetrator of the crime. A principal in the second degree is he who is present, aiding and abetting the act to be done; which presence need not always be actual, immediate standing by, within sight or hearing of the act; but there may be also a constructive presence, as when one commits robbery or murder, or other crime, and another keeps watch or guard at some convenient distance." Movant insists that in the charge as given the jury were confined to the question whether deceased was killed as a result of a conspiracy, whereas the evidence authorized a submission of the question whether the defendant was principal in the first or second degree. It is also insisted that the court erred in not charging in this connection the principle of law, that if it is found that there was no conspiracy entered into between the defendant and any other person, and if the jury further find that the defendant did not strike the fatal blow that caused the death of the deceased, but if they find from the evidence that the defendant was present at the time of the killing, aiding and abetting, in order to find him guilty the jury would have to find that he not only consented and concurred in the perpetration of the act of killing, but also that he had a felonious design upon the person of the deceased, or participated in the felonious design of the person who killed the deceased; that mere presence and participation in the general transaction in which a homicide is committed is not conclusive evidence of a concurrent design with the person killing. The court did charge the jury that "if you find there was no conspiracy, or if there was a conspiracy, and the defendant, George Waller, did not participate in the common intent and purpose to do what was done, if you find anything was done, or that what was done was not that which is alleged in the indictment, then anything done by any

other persons would not be binding upon the defendant in this case." The failure of the court to charge as set out above was not error. The charge of the court on the subject was all that was required by the evidence.

Ground 20 complains that the court erred in not giving in charge, without request, the following principle of law, which it is alleged was demanded by the evidence: "Admissions usually refer to civil cases, confessions to criminal. All admissions should be scanned with care, and confessions of guilt should be received with great caution. A confession alone, uncorroborated by other evidence, will not justify a conviction." It is insisted that the only direct evidence offered by the State against George Waller came from the testimony of the witnesses Eula Waller and George Samuels, in which they related certain alleged admissions or confessions on the part of the defendant, and that, since such declaration on the part of the defendant "amounted to a confession or an admission," the jury was led to believe by the court's failure to instruct them on this principle of law that they were authorized to convict the defendant solely on his admission or confession. It is further insisted that this principle of law should have been given in charge, and the jury instructed in reference to the care and caution with which such admissions and confessions should be received, and informed that they should not convict the defendant on such admissions or confessions unless corroborated by other evidence. There was no evidence of a confession on the part of the defendant in this case, but only of admissions or incriminatory statements. A charge on the subject of confessions would have been inapplicable, and it was therefore not erroneous to fail to charge on that subject. *Roe* v. *State,* ante, 95 (137 S. E. 824).

7. Ground 18 of the motion complains that the court erred in refusing a request "to charge the law on impeachment of witnesses." It is insisted that the court should have charged on the subject of impeachment of witnesses, even without a request, and that the failure and refusal to charge the law of impeachment deprived the defendant of the benefit of his main defense and of the bulk of the testimony introduced in his behalf. This general request of counsel to the court to charge on the subject of impeachment of witnesses is not cause for reversal. This court has held in a number of cases that a request to charge should embody

the exact instruction which the party desires to be given. *Watts* v. *State,* 120 *Ga.* 496 (2) (48 S. E. 142). See *Millen etc. R. Co.* v. *Allen,* 130 *Ga.* 656 (61 S. E. 541); *Butler* v. *State,* 21 *Ga. App.* 149 (94 S. E. 267); *Watson* v. *State,* 136 *Ga.* 236 (6), 240 (71 S. E. 122).

8. Ground 19 assigns error on the refusal of a request "to charge the law on presumption arising from failure to produce evidence as set out in Penal Code, § 1015." It is insisted that the court erred in refusing to charge the principle of law as requested, inasmuch as the evidence for the State tended to show that Mrs. Johnnie Brown was an eye-witness to the killing, and was in attendance upon court during the trial of the defendant, George Waller. The refusal of this request was not error. A charge on the presumption arising from a failure to produce a witness is not applicable to a criminal case. For a full and able discussion of this question see the opinion of Mr. Presiding Justice Evans, in *Mills* v. *State,* 133 *Ga.* 155 (5), 157 (65 S. E. 368), where it was said: "Diligent investigation fails to disclose any case where it has been ruled that it was proper to give in charge to the jury in a criminal case § 989 of the Penal Code [Penal Code of 1910, § 1015]. We can hardly conceive of a criminal case where an instruction in the language of this code section would be authorized." This case was cited with approval by Mr. Justice Atkinson in the case of *Cocroft* v. *Cocroft,* 158 *Ga.* 714, 723 (124 S. E. 346).

9. Other headnotes need no elaboration. The evidence authorized the verdict, and the court did not err in refusing a new trial. *Judgment affirmed. All the Justices concur.*