## 20427. BARFIELD v. THE STATE.

DECIDED MAY 14, 1930.

*Jule W. Felton*, for plaintiff in error.
*John B. Guerry*, solicitor, contra.

LUKE, J. H. H. Barfield was convicted of passing a worthless check. His exception here is to the overruling of his motion for a new trial, based upon the general grounds and one special ground. The defendant did not attempt to controvert the positive evidence of the State that the check was given at a time when he did not have money in the bank on which it was drawn, and that it was never paid. He introduced no evidence, and his statement

is as follows: "When I went into the gasoline business the first of the year I didn't have any money, and Mr. Clark took my note for around $60 for goods bought at the beginning of my engagement in the filling-station business. I gave four checks to the Citizen's Oil Company for gasoline. I always told the driver, Mr. Heath, that I didn't have money in the bank to cover the checks. I paid all the checks directly to the Citizens Oil Company but the one I am now prosecuted for giving. The driver would bring the checks to Ideal and I would pay them the cash and get the checks. I wasn't able to pay this last check, and he took the station away from me for giving him the bad check. As soon as I would pay up one check I would get more gas and give another check."

C. B. Clark, who was doing business as "Citizens Oil Company," denied that he had at any time sold the defendant gasoline on credit. Jack Heath testified on direct examination as follows: "On February 15, 1929, I was truck-driver for C. B. Clark. I delivered gasoline and oil for him. On that day I delivered to the defendant something over 300 gallons of gasoline and Woco Pep. The value of the goods delivered that day was $62.04. The sale was a cash sale, and Mr. Barfield gave me a check payable to Citizens Oil Company on the Peoples Bank, Ideal, Ga., for that amount. The gas was delivered on the 15th of February, 1929, and the check was dated that day, 'Feb. 15, 1929,' and was given at the time of the delivery of the goods. My instructions were to sell strictly for cash, and at no time did I agree to extend credit to the defendant, Mr. Barfield."

The contention of the defendant under his general grounds is that the sale was a credit transaction. It is perfectly apparent that there is ample evidence to sustain the State's theory that the sale was for cash, and there is no merit in the general grounds of the motion for a new trial.

The only special ground avers that, in view of the testimony of the witness Heath, the court erred in not acceding to counsel's oral request to charge section 5749 of the Civil Code (1910), which reads as follows: "Where a party has evidence in his power and within his reach, by which he may repel a claim or charge against him, and omits to produce it, or, having more certain and satisfactory evidence in his power, relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well founded; but this presumption may be rebutted."

478

The testimony of Heath, referred to, was adduced on cross-examination. It is incorporated in the exception and is as follows: "We have records in our office at Reynolds which would show whether the check was dated on the same day the goods were delivered, or after they were delivered, but we have not the records here in court with us. We did' not bring them. The records show the exact date of the delivery of the gasoline." "Movant contends that the failure to charge said section was error for the reason that a written record of the date of the delivery of the gasoline is better and more reliable evidence than the memory of man, especially after the lapse of nearly six months time, and it was the duty of the State to show that the check in question was given for a present consideration, and, therefore, that the check was not post-dated."

The check in question had been introduced in evidence. It was dated February 15, 1929. The witness, Heath, testified that the gasoline was delivered on that day, and that the check was dated "Feb. 15, 1929," and given at the time of the delivery of the gasoline. It is difficult to conceive how the testimony of the man who actually delivered the gasoline was less satisfactory evidence to prove the delivery than the "record." However, we prefer to place our ruling squarely upon the well-established proposition that the code section invoked is not applicable to criminal cases. See *Waller* v. *State,* 164 *Ga.* 128 (8), 135 (138 S. E. 67), *Mills* v. *State,* 133 *Ga.* 155 (5) (65 S. E. 368); *Cocroft* v. *Cocroft,* 158 *Ga.* 714 (5) (124 S. E. 346); *Whitley* v. *State,* 14 *Ga. App.* 577 (5) (81 S. E. 797).

Upon the authority of the foregoing decisions, we hold that the court did not err in overruling the only special ground of the motion for a new trial.

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*