### Adams *v*. The State.

Gilbert, J. 1. The verdict is supported by evidence.

2. In the first special ground of the motion for a new trial movant complains that the court refused to instruct the jury in the exact terms of a written request, duly tendered, on the subject of confessions. The written request was quite lengthy, containing movant's statement of the contentions of both the State and the accused, including a detail of what movant "contends" was the evidence on the subject of confessions, as well as the respective deductions therefrom. *Held:* No error. The request was faulty in being argumentative, including detailed "conten-

tions," and so not appropriate as an instruction. The court's instruction on the subject of confessions was unusually full, complete, and fair to the accused. It is not the duty of the judge in instructing the jury to review the respective arguments, contentions, and deductions from the evidence of the respective parties, more especially not so in the exact terms of a written request.

3. For the reasons next above stated, the second and third special grounds of the motion fail to show error.

4. No error is shown in the fourth and fifth special grounds of the motion, which complain of portions of the court's instructions on the law applicable to confessions.

5. Movant complains in one special ground that the court erred in refusing, though duly requested in writing, "to give in charge the rule of law with reference to circumstantial evidence." This ground of the motion is incomplete and fails to show error. *Watts* v. *State*, 120 *Ga.* 496 (48 S. E. 142). And see *Adams* v. *State* (former decision in this case), 168 *Ga.* 530 (8), 540 (148 S. E. 386).

6. Movant complains that the court erred in the following charge to the jury: "I know, gentlemen of the jury, that that is the kind of a trial that this man has had, and that you will render a verdict in the case according to the law and the evidence, along with the prisoner's statement in the case." *Held:* This charge, construed in connection with the entire charge on the subject, does not show error. It was not probable that the instruction would mislead the jury into the belief that the court was referring to a former trial, and it was not subject to the criticism that it amounted to an expression of opinion by the court that "the defendant was properly convicted on the former trial," nor was it "an expression of opinion that a conviction would be proper in the trial which was then in progress."

7. Movant complains that the court erred in admitting the following evidence: "While sitting there, he said that if it had been old man Harrison, that is, W. S. Harrison Sr., that he killed, he would be willing to be electrocuted." The only objection urged at the time to this evidence was that it is "irrelevant, and does not illustrate any issue involved in the case." *Held:* The evidence was admissible as tending to show motive on the part of the accused in the shooting, although he was mistaken as to the identity of the person or persons at whom he shot.

8. In another ground the movant complains that while his counsel was objecting to the admission of the above-stated evidence, the court, in the presence of the jury, propounded the following question to movant's counsel: "Well, do you object to the part of it where he says he did kill Tolbert? As I understand his statement, inferentially he says he killed Tolbert. As I understand the witness, if it had been Mr. Harrison—inferentially, he did kill the man that was killed." Movant insists that in propounding the question to counsel in the presence of the jury the court expressed an opinion that the testimony of the witness meant that the defendant stated to the witness that he, the defendant, killed the man who was killed, and accordingly the expression was hurtful to the defendant, and that the witness did not testify to such infer-

ences on his part. *Held:* No error. The colloquy was between court and counsel, limited to the subject-matter of the admissibility of evidence, which this court has repeatedly held not to be error. Moreover, if counsel considered the incident as hurtful to the accused, he should have promptly moved for a mistrial.

9. In another ground the movant complains that the court, over objection, admitted in evidence "a certain tank which was identified as a part of the distillery at which Adams was said to have been working previously to the homicide; a certain hunting coat, identified as belonging to Adams; certain trousers and certain leggins which were identified as belonging to the defendant; all of which articles of clothing were found at Adams' home and about his premises after the homicide." The objection urged at the time was that the articles of clothing were not pertinent to any issue involved, threw no light upon whether or not the defendant killed the deceased or upon the question of who killed him, and that the introduction of such articles could only have an effect prejudicial to the defendant; that the tank showed no facts which would shed light upon the circumstances under which the deceased was killed, or as to who killed him, was identified as having been found at a distillery at which defendant was said to have been present prior to the raid thereon, and would have a prejudicial effect against defendant as being a distiller. *Held:* No error.

10. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*

No. 7598. JULY 19, 1930. REHEARING DENIED SEPTEMBER 17, 1930.

*J. T. Olive* and *J. B. & T. R. Burnside,* for plaintiff in error.
*George Hains, solicitor-general,* and *John M. Graham,* contra.