34010. WEAVER *v.* THE STATE.

Decided April 17, 1952—Rehearing denied July 31, 1952.

*Irwin & Dyer*, for plaintiff in error.

*Paul Webb, Solicitor-General, Guerry Thornton, Charlie O. Murphy*, contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The first ground of the amended motion for new trial assigns error on the following charge of the court: "Now, gentlemen, this is a joint indictment in which there are two defendants named, but at this time we are trying the case only as charged against Alton Weaver, and you are not concerned with the other defendant named in the indictment," on the ground that the charge was erroneous, and that the testimony of the codefendant and accomplice was not sufficiently corroborated. The charge was correct as a principle of law. See *Dedge* v. *State*, 153 *Ga.* 176 (4) (111 S. E. 547); *Waller* v. *State*, 164 *Ga.* 128, 130 (138 S. E. 67). The testimony of the accomplice was corroborated by the circumstances of the stolen property being found in the possession of the defendants, and by direct evidence of the filling-station operators that the defendant was driving the automobile with the codefendant and left the spare tire in exchange for purchases. This ground is without merit.

■ Failure to define the word "accomplice" in connection with a charge on this subject is not error in the absence of a request. *Hamby* v. *State*, 82 *Ga. App.* 7 (2) (60 S. E. 2d, 635); *Baker* v. *State*, 14 *Ga. App.* 578 (1) (81 S. E. 805). The second ground of the amended motion for new trial is without merit.

■ A failure to charge the provisions of Code § 38-109, to the effect that circumstantial evidence, to warrant a conviction,

shall exclude every other reasonable hypothesis save that of the guilt of the accused, will not work a reversal unless the conviction is entirely dependent upon circumstantial evidence. *Williams* v. *State,* 196 *Ga.* 503 (1) (26 S. E. 2d, 926). The testimony of the alleged accomplice here was direct evidence, for which reason this ground is without merit.

■ The fourth special ground, which complains that the court erred in charging on conspiracy, is considered in connection with the general grounds. There is ample evidence supporting the testimony of the witness McElroy, to the effect that the defendants went out with the intention of stealing an automobile, that after locating one they tampered with the ignition switch, threw away the license tag, and stole another which they put on in its place, and thereafter used the car to drive around in. They were arrested while in possession thereof. Recent possession of stolen property, not explained to the satisfaction of the jury, may authorize a conviction. See *Cheatham* v. *State,* 57 *Ga. App.* 858, 860 (197 S. E. 70). A conspiracy may be shown by direct or circumstantial evidence. *Swain* v. *State,* 74 *Ga. App.* 391 (39 S. E. 2d, 727). A conviction is further sustainable upon the testimony of an accomplice, corroborated by other testimony, either direct or circumstantial, connecting the accused with the perpetration of the offense and tending to show his participation therein. *Hargrove* v. *State,* 125 *Ga.* 270, 274 (54 S. E. 164); *Blakely* v. *State,* 78 *Ga. App.* 282, 291 (50 S. E. 2d, 762). The only explanation offered by the defendant was that he was in such a drunken condition that he had no recollection of the occurrence, and this explanation was not found to be satisfactory by the jury. Voluntary drunkenness is in any case not a legal excuse for crime. Code, § 26-403. The alleged accomplice testified directly as to the conspiracy between himself and the defendant on trial to steal an automobile, and this was borne out by the circumstances connected with the perpetration of the offense.

The trial court did not err in denying the motion for a new trial.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*