### 18880. JACKSON v. THE STATE.

HAWKINS, Justice. Howard Jackson was indicted in Coweta Superior Court for the murder of his wife by shooting her with a shotgun. The jury returned a verdict of guilty without a recommendation of mercy. To the judgment denying his motion for a new trial, based upon the general grounds and one special ground, the defendant excepted, but, in his brief filed in this court, has abandoned the general grounds. The special ground of the motion for a new trial is based upon the admission, over the objection that the same was prejudicial and irrelevant, of certain testimony of Sheriff A. L. Potts, who returned the defendant to Georgia from Missouri, where he was first apprehended some nine months after the homicide. *Held:*

Where, in this case, while in the custody of the sheriff, the defendant freely and voluntarily made a verbal statement to the sheriff to the effect that he and his wife had been separated for several days before the shooting took place; that his wife had been going with some insurance agent; that she had left him and was living somewhere else, and he decided the only thing he could do was kill his wife; that he shot her, saw she was not dead, and he shot her again, and then beat her over the head with the gun, which was admitted without objection—it was not error to also admit in evidence the further portion of his verbal statement to the effect that "He blamed [his deceased wife] Carrie's mother [Gussy] for the trouble that they had"; that "he meant to kill Gussy and he didn't get to do it"; and that "he told Evelyn over the phone he had one more thing . . . he wanted to do before he would be satisfied," and that was "Gussy, I won't ever be satisfied until I get her," over the objection that it was prejudicial and irrelevant, because it tended to show a state of mind against a person other than the deceased. In *Woolfolk* v. *State*, 85 *Ga.* 69, 73 (17), 105 (11 S. E. 814), it is held: "Sayings of the defendant . . . indicating animosity towards his stepmother, . . . and that he hated her, were not inadmissible on the ground that he was then on trial for the homicide of his father and not of his stepmother," for "the motive which induced the defendant to kill any one of the family might very well be held to have induced him to kill the others." See also *Fraser* v. *State, 55 Ga.* 325; *Rawlins* v. *State, 124 Ga.* 31 (11) (52 S. E. 1, affirmed 201 U. S. 638, 26 Sup. Ct. 560, 50 L. ed. 899); *Adams* v. *State,* 171 *Ga.* 90 (7) (154 S. E. 700); *Tiller* v.

*State,* 196 *Ga.* 508 (3) (26 S. E. 2d 883); *Calhoun* v. *State,* 210 *Ga.* 180 (78 S. E. 2d 425).

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 15, 1955—DECIDED MARCH 16, 1955.

*Charles Gordon, Henry N. Payton,* for plaintiff in error.

*Wright Lipford, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.